PER CURIAM.
Petitioner seeks to quash the trial court’s order denying in part its motion for a protective order, and compelling Petitioner’s expert, whom Petitioner has not identified as one it expects to call as a witness at trial, to produce “factual records,” such as photographs and notes, which the expert obtained pursuant to an earlier court order granting Petitioner access to Respondents’ building, the subject of the underlying litigation. The prior order required the parties to exchange “stone test results,” which Respondents concede Petitioner supplied. It did not provide for either party’s waiver of the protections of Florida Rule of Civil Procedure 1.280(b)(4)(B), which prevents the discovery of “facts known” by an expert retained in anticipation of litigation, who is not expected to be called as a witness at trial, except as provided in rule 1.360(b), which is not applicable here, or “upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts ... on the same subject by other means.” Respondents likely could not make such a showing because, at all relevant times, Respondents have had access to the building, with every opportunity to take their own photographs and make their own notes. Accordingly, as the trial court’s order departed from the essential requirements of law, we grant the petition and quash that portion of the order which compels production of the factual records.
POLEN, KLEIN and STEVENSON, JJ., concur.